IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LESTER P. WARCHOLEK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL COLLECTIONS SYSTEM, INC., and MICHAEL RILEY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06 C 3062 |

### MEMORANDUM OPINION AND ORDER

Plaintiff Lester Warcholek ("Warcholek") has brought a class action complaint against defendants Medical Collections System, Inc. ("Medical Collections") and Michael Riley ("Riley") alleging they violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (2006) ("FDCPA"). Warcholek has now moved to certify a class defined as

> (i) all persons with addresses within the state of Illinois (ii) who were sent a letter from defendants in a form similar or identical to Exhibit A [a letter Warcholek received from defendants, identified as Exhibit A to Warcholek's complaint] (iii) to recover a debt incurred for medical care provided by Parkview Orthopaedic Group SC (iv) which was not returned undelivered by the United States Postal Service (v) during the period of time June 5, 2005, through the date of class certification.

1

Medical Collections has a filed a response to this motion, but Riley has not.[1] For the following reasons, I grant plaintiff's motion and certify the above class.

I.

The relevant background necessary to rule on plaintiff's motion, as determined from a review of plaintiff's complaint, Medical Collections' answer to the complaint, and from the parties' class certification pleadings and exhibits, is as follows: Warcholek is a resident of Illinois, and is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3). Medical Collections is an Illinois corporation and a collection agency. Riley, who plaintiff alleges may be using a fictitious name, is an employee of Medical Collections. Both Riley and Medical Collections are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

Warcholek alleges that he was a patient of Parkview Orthopaedic Group SC ("Parkview") in 2004 and incurred a debt to Parkview because of medical treatment and/or services he received from it. Medical Collections admits that it sent Warcholek a letter dated December 12, 2005, attached as Exhibit A to Warcholek's complaint, attempting to collect on Warcholek's debt to Parkview. That letter is signed by "Mr. Michael Riley, Credit Supervisor." The letter states that "MCS, Inc. represents the

---

[1]Although Riley appears to have been served, he has yet to file an answer to Warcholek's complaint.

2

above creditor regarding your delinquent balance." The letter further states, "If you do not notify this firm in writing within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this firm will assume this debt is valid." Warcholek contends that defendants also sent similar letters to other consumers in Illinois.

Warcholek subsequently brought a one-count class action complaint alleging that this letter violates the FDCPA by (1) requiring that any dispute of the purported debt be in writing, in violation of 15 U.S.C. § 1692g(a)(3); and (2) using false representation or deceptive means to collect or attempt to collect a debt, or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10). Warcholek seeks a declaratory judgment that defendants' letter violates the FDCPA, statutory damages under 15 U.S.C. § 1692k(a)(2), and costs and attorneys' fees under 15 U.S.C. § 1692k(a)(3).

II.

In assessing Warcholek's motion for class certification, I must determine whether the four prerequisites of FED. R. CIV. P. 23(a) are met, and whether Warcholek's action is maintainable under FED. R. CIV. P. 23(b)(1), (2), or (3). The four prerequisites of Rule 23(a) are that (1) the proposed class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the

representative party is typical of the claims of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Warcholek elects to proceed under Rule 23(b)(3), which requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Medical Collections' response to Warcholek's motion only argues that Warcholek has not met the requirements of Rule 23(b)(3) because Warcholek cannot show that a class action is superior to other available methods to adjudicate this controversy. Medical Collections presents evidence that it contends shows that it has very limited assets and could only provide de minimis recovery to members of the class.

A. Numerosity

In order to satisfy the numerosity requirement, a class must be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). Here, Medical Collections acknowledges that plaintiff's proposed class would have about 100 members. Without question, this satisfies the numerosity requirement. See e.g., McCabe v. Crawford & Co., 210 F.R.D. 631, 643 (N.D. Ill. 2002) ("Although there is no 'bright line' test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1).")

4

(internal citations omitted). Although this number is only a bare assertion from Medical Collections, and Warcholek has produced no other records supporting the number, I have no reason to believe that this class would fail the numerosity requirement.

B. Commonality

The second requirement of FED. R. CIV. P. 23(a) is that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). The commonality requirement is satisfied by showing "a common nucleus of operative fact." Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998).

In this case, there are both common questions of law and fact. As the Seventh Circuit has previously recognized, FDCPA cases such as this one clearly meet the commonality requirement because typically "the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." Id. (internal citations omitted). In addition, as Warcholek notes, FDCPA cases such as this one do not require a showing that each class member was actually confused by the debt collector, but rather that the conduct of the debt collector would mislead the "unsophisticated consumer." See Gammon v. GC Servs. Ltd. P'ship, 27 F.3d 1254, 1257 (7th Cir. 1994). This cornerstone of plaintiff's claim is common to each class member. Accordingly, I find that there are questions of law and fact common to the class.

C.  Typicality

The third requirement of FED. R. CIV. P. 23(a) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." De La Fuente v. Stokely-Van Camp Inc., 713 F.2d 225, 232 (7th Cir. 1983) (quoting Herbert Newberg, NEWBERG ON CLASS ACTIONS § 1115(b) (1977)). In this case, the FDCPA claims of all potential class members are identical and based upon the same legal theory as Warcholek's claims. See Jackson v. Nat'l Action Fin. Servs., 227 F.R.D. 284, 287-88 (N.D. Ill. 2005) (finding class representative's FDCPA claims were typical of those of the class because "his claim arises from the same conduct as the claims of other class members: the receipt of a similar . . . form collection letter"). Therefore, I find that Warcholek's claims meet the typicality requirement.

D.  Adequacy of Representation

The final requirement of FED. R. CIV. P. 23(a) is that the class representative must "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). Medical Collections has not argued, and there is nothing in the record to indicate, that Warcholek has any conflicting or antagonistic claims

6

with other class members; that Warcholek does not have a sufficient interest in the outcome of the litigation; or that counsel is not competent, experienced, and qualified. Indeed, the record shows that Warcholek's counsel has significant experience in litigating FDCPA class actions. Therefore, I find that Warcholek and his counsel adequately protect the interests of the class.

E.      Predominance

FED. R. CIV. P. 23(b)(3) requires that a plaintiff demonstrate that questions of law or fact common to all members of the class predominate over any individual questions. For the reasons discussed above with respect to commonality and typicality, there is no reason to believe that any individual questions will predominate over the core questions in this litigation. As the court recognized in Jackson, where FDCPA claims concern identical or "very similar" letters sent to all members of the class, "the legal issue of whether those letters violate the FDCPA is predominate." 227 F.R.D. at 290. I find that the predominance requirement of Rule 23(b)(3) is met in this case.

F.      Superiority

FED. R. CIV. P. 23(b)(3) also requires that a class action be the superior method of adjudication of the claims at issue. This is the only requirement that Medical Collections contends is not met in this case because Medical Collections' assets are so limited that class recovery would be de minimis or non-existent, and the

class action mechanism therefore would not provide superior relief to the class. Medical Collections cites cases from district courts in other jurisdictions, though, tellingly, none from the Seventh Circuit, in which the court held that de minimis recovery for class members made a class action not a superior method of adjudication. See, e.g., Jones v. CBE Group, Inc., 215 F.R.D. 558, 569-70 (D. Minn. 2002); Daenzer v. Wayland Ford, Inc., 210 F.R.D. 202, 204-05 (W.D. Mich. 2002). Medical Collections has provided a summary financial statement as of June 5, 2006, showing that it has a net worth of minus $137,122.42. According to its figures, this is composed of $19,553.58 in assets ($5,340 worth of personal computers, printers, phone lines, office furniture and equipment, and a $14,231.58 cash balance in a corporate account) and a $156,676 debt on credit cards. This same financial statement indicates that Medical Collections has not filed the owner's personal tax returns or corporate tax returns since 2003. Medical Collections' response also attaches copies of its 2001 and 2002 corporate tax returns; the 2002 return shows that Medical Collections had $186,617 in total assets.

In his reply, Warcholek contends that these documents are unreliable because Medical Collections has not cooperated with his requests for information about its net worth. Specifically, Warcholek contends that this information, particularly about Medical Collections' liabilities, is too vague. Warcholek also

contends that this financial statement is incomplete because it does not include information about Medical Collections' accounts payable, payroll liabilities, and long-term liabilities. Warcholek contends that he requested more detailed information from Medical Collections but never received it.[2] What Riley and Medical Collections' actual net worth is would be a matter for trial, should the classes' claims proceed to the damages phase.

As Medical Collections points out, in the case of class actions, the FDCPA only allows named plaintiffs to recover actual damages and additional damages not exceeding $1,000, and provides recovery for the other class members "without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B). In this case, assuming Medical Collections current has a negative net worth, this would preclude recovery for the class from Medical Collections. Assuming that there are 100 class members, Medical Collections would have to have a net worth of $10 million dollars for each class member to be able to recover the statutory maximum of $1,000.

However, regardless of Medical Collections' actual net worth at this time, Medical Collections has presented no authority from this circuit supporting the proposition that de minimis recovery is

---

[2]There is also no information in the record concerning Riley's net worth.

a bar to certifying a class. Indeed, the Seventh Circuit noted in dicta in Mace v. Van Ru Credit Corp., 109 F.3d 338 (7th Cir. 1997), that "a de minimis recovery (in monetary terms) should not automatically bar a class action" because "[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." Id. at 344. In addition, as another court in this district has noted, the FDCPA "contemplates class actions even though an individual recovery may be larger." Nichols v. Northland Group, Inc., No. 05 C 2701, 2006 WL 897867, at *11 (N.D. Ill. Mar. 31, 2006). Further, any class member that wishes to proceed on her own may opt out of the class.

I find that a class action is the superior method for adjudicating these claims. It is likely that this conduct would go otherwise unchallenged if a class was not certified because the value of the individual claims in this case is likely not large enough to justify individual prosecution in most cases. Additionally, because the claims of all class members turn on the same law and standardized practices, individual adjudication of the claims of each class member would be an inefficient use of judicial resources.

III.

For the foregoing reasons, I grant plaintiff's motion and certify the proposed class.

**ENTER ORDER:**

*Elaine E. Bucklo*
_____
**Elaine E. Bucklo**
United States District Judge

DATED: November 2, 2006